UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LAWRENCE MUDD,

        Petitioner,

    - against -

SUPERINTENDANT SUSAN CONNELL,

    Respondent

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 7/29/09

08 Civ. 3896 (RJH) (GWG)

**MEMORANDUM
OPINION AND ORDER**

Lawrence Mudd brings this petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 16, 2004, petitioner pled guilty in the Supreme Court of Bronx County, New York, to one count of criminal sale of a controlled substance in violation of New York Penal Law § 220.39. After violating the terms of his plea agreement, petitioner was sentenced to a prison term of two to six years on October 6, 2005. Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation ("the report") on November 6, 2008, advising that the petition should be denied. Having reviewed the report, the record, and petitioner's objections, the Court concludes that the petition should be denied and Magistrate Judge Gorenstein's report should be adopted in its entirety.

## BACKGROUND

The basic facts of this case are set forth in Magistrate Judge Gorenstein's report, familiarity with which is assumed. The court restates the facts only as they relate to the habeas petition and petitioner's objections to the report.

1

On February 6, 2004, petitioner was arrested and charged with criminal sale of a controlled substance on or near school grounds, in violation of New York Penal Law § 220.44(2), and criminal sale of a controlled substance in the third degree, in violation of New York Penal Law § 220.39 (1). On August 16, 2004, petitioner entered a plea agreement whereby he pled guilty to criminal sale of a controlled substance in the third degree and agreed to enter a drug treatment program. Under the plea agreement, petitioner would receive a sentence of five years' probation upon successful completion of the program. (Plea Tr. 3). The plea agreement indicated that petitioner would be incarcerated for a period ranging from two to six years if he failed to complete the program. (Plea Tr. 3). Petitioner stated before the judge that he was guilty of the crimes with which he was charged and he understood that he was giving up his right to suppress evidence and his right to a trial. (Plea Tr. 7-8). Petitioner also stated that he was satisfied with the services of his attorneys Anna Sim and Elsa Marte Hampton, that he was pleading guilty voluntarily and of his own free will, and that no one had threatened him or forced him to plead guilty. (Plea Tr. 6, 17). The following dialogue occurred during the plea colloquy:

> THE COURT: Has anyone threatened or forced you in any way to plead guilty?
> THE DEFENDANT: No.
> THE COURT: Are you pleading guilty voluntarily and of your own free will?
> THE DEFENDANT: Yes.
> THE COURT: And are you pleading guilty because you are guilty?
> THE DEFENDANT: Yes.

(Plea Tr. 17). The judge accepted petitioner's guilty plea. (Plea Tr. 17-18).

The District Attorney sought imposition of the prison sentence when petitioner failed to complete the treatment program. (See July 27 Tr.). On August 18, 2005, petitioner moved to withdraw his guilty plea on the grounds that he was coerced to enter

2

the plea by his family and Ms. Hampton, a family member who served as his previous

defense attorney. On September 23, 2005, Justice John P. Collins denied petitioner's

motion to withdraw his plea, noting that familial pressure and embarrassment are not

coercive circumstances. On June 21, 2007, the Appellate Division, First Department

affirmed the denial of petitioner's motion to withdraw his plea. *People v. Mudd*, 41 N.Y

S. 3d 281 (N.Y. App. Div. 2007). The court pointed out that the record established

petitioner's plea to be knowing, intelligent, and voluntary and contradicted petitioner's

claims of innocence and coercion. Petitioner was denied leave to appeal to the New York

Court of Appeals on October 19, 2007. *People v. Mudd,* 878 N.E. 2d 616 (N.Y. 2007)

(Read, J.).

Mudd filed a petition for a writ of habeas corpus. In this petition, Mudd contended

that his guilty plea was coerced and the state court failed to conduct a sufficient

evidentiary hearing on the issue of coercion. On November 6, 2008, Magistrate Judge

Gorenstein issued a report and recommendation indicating that the petition should be

denied.

## ANALYSIS

### I.)   STANDARDS OF REVIEW

The standard of review for habeas corpus petitions is governed by 28 U.S.C. §

2254(d). A federal court may issue the writ to a prisoner in state custody only if the

underlying decision of the state court was "contrary to, or involved an unreasonable

application of, clearly established federal law" or "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. §§ 2254(d)(1), (d)(2) (1996). The state court's factual

3

determinations are "presumed to be correct;" a habeas petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §§2254(e)(1) (1996).

When a magistrate judge has issued a report and recommendation regarding a habeas petition, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C) (1996). When a petitioner makes timely objections to the magistrate judge's report, the district court must "make a *de novo* determination of those portions of a report . . . to which [the] objection is made." *Id.*; *see United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Nevertheless, if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the report and recommendation only for clear error." *Sanchez v. Dankert,* No. 03 Civ. 2276 (LTS), 2004 U.S. Dist. LEXIS 3716 at *3–4 (S.D.N.Y. Mar. 9, 2004).

## II.) ALLEGED COERCION OF GUILTY PLEA

Petitioner alleges that he is innocent and that he entered a guilty plea under coercion from family members including his cousin, Ms. Hampton, who also served as his defense counsel. Magistrate Judge Gorenstein rejected petitioner's arguments, and the Court finds no reason to disturb the findings and conclusions of the report. Petitioner stated under oath that his guilty plea was entered willingly and voluntarily in the absence of coercion. Statements made by a defendant at a plea allocution "carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent ... proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). These statements "are generally treated as conclusive in the face of the defendant's later attempts to contradict

4

them." *Adames v. United States,* 171 F.3d 728, 732 (2d Cir. 1999). A defendant can overcome such statements only if he or she can prove through extrinsic evidence that some "misunderstanding, duress, or misrepresentation by others" occurred, rendering the guilty plea a constitutionally inadequate basis for imprisonment. *Blackledge,* 431 U.S. at 75. Petitioner failed to carry this burden: he has not presented any additional evidence to indicate that he entered a guilty plea under duress, and his petition was premised on the conclusory statement that he was pressured by family members to enter a guilty plea.

While it may be unusual that petitioner's cousin served as his defense counsel, there is no evidence that Ms. Hampton coerced petitioner's guilty plea or offered anything beyond an honest assessment of petitioner's chances at trial. The record supports petitioner's earlier assertions that the guilty plea was entered knowingly, willingly, and voluntarily. Furthermore, courts in this circuit have consistently held that pressure from both defense counsel and family members does not constitute coercion. *See, e.g. United States v. Juncal,* 245 F.3d 166, 172 (2d Cir. 2001) ("defense counsel's blunt rendering of an honest but negative assessment of [a defendant's] chances at trial, combined with advice to enter the plea [does not] constitute...coercion"); *Wojtowicz v. United State* 550 F.2d 786, 792 (2d Cir. 1977) ("Strong urging by those who have an accused's welfare at heart, based on the strength of the state's case and the weakness of the defense, does not constitute undue coercion"); *United States ex rel. Mascia v. Zelker,* 450 F.2d 166, 168-9 (2d Cir. 1971) (holding that pressure from defense counsel, combined with mother's threat to commit suicide, is insufficient to establish coercion); *United States ex rel. Brown v. La Vallee,* 424 F.2d 457, 460-61 (2d Cir. 1970) (holding that pressure from family members and attorneys to enter a guilty plea is insufficient to constitute coercion).

5

Magistrate Judge Gorenstein's report also correctly rejected petitioner's argument that he was entitled to a hearing in state court on the issue of plea coercion. The Second Circuit clearly held in *Hines v. Miller*, 318 F.3d 157 (2d Cir. 2003), that "a defendant is not entitled as a matter of right to an evidentiary hearing on a motion to withdraw a guilty plea." *Id.* at 162. Nor is petitioner entitled to such an evidentiary hearing in this court. Under 28 U.S.C. § 2254(2)(a), if a petitioner has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the petitioner demonstrates that the claim relies upon a new rule of constitutional law that was previously unavailable, or a factual predicate that could not have been previously discovered. As neither of these circumstances is present in petitioner's case, the petitioner is not entitled to an evidentiary hearing on the question of coercion under 28 U.S.C. § 2254. For the foregoing reasons, the Court adopts the holding of Magistrate Judge Gorenstein's report on the alleged coercion of petitioner's guilty plea.

## III.) PETITIONER'S OTHER OBJECTIONS

Petitioner objects to the report on the grounds that he is innocent and the evidence against him was insufficient to support the charge of criminal sale of a controlled substance. A federal court may grant a writ of habeas corpus if it concludes that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d) (1996). Nevertheless, the state court's determination of factual issues "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e) (1996). The Second Circuit has emphasized that the

6

petitioner "bears a very heavy burden" when challenging the legal sufficiency of evidence in a state criminal conviction. *Einaugler v. Supreme Court,* 109 F.3d 836, 840 (2d Cir. 1997).

Petitioner's guilty plea in the instant case prevents him from meeting this heavy burden and challenging the legal sufficiency of the evidence against him. It is well established in this circuit that "a defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea." *Parisi v. United States,* 529 F. 3d 134, 138 (2d Cir. 2008), citing *United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996). *See also United States ex. rel. Mendez v. Fish,* 259 F. Supp 146, 148 (S.D.N.Y. 1965) (holding that "objections to the nature of the evidence obtained by and available to the prosecution will not survive a plea of guilty and are not available on an application for a writ of habeas corpus"). Because petitioner's objections regarding legal sufficiency of the evidence are unavailing, the Court reviews the remainder of Magistrate Judge Gorenstein's report "only for clear error." *Sanchez v. Dankert,* No. 03 Civ. 2276 (LTS), 2004 U.S. Dist. LEXIS 3716 at *3-4 (S.D.N.Y. Mar. 9, 2004). The Court finds no clear error in any part of the report, and concludes for the reasons described above that petitioner has failed to demonstrate that the state court's decision was contrary to clearly established federal law or based on an unreasonable determination of the facts.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Gorenstein's report and denies Mudd's petition. As petitioner has not made a substantial showing of a denial

7

of a federal right, *Tankleff v. Senkowski*, 135 F.3d 235, 241 (2d Cir. 1998), the Court

declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (1996).

However, petitioner may pursue any further appellate remedies *in forma pauperis.* The

Clerk of the Court is directed to dismiss the petition and close this case.

SO ORDERED.

Dated: New York, New York
      July 23, 2009

                                       Richard J. Holwell
                                       United States District Judge